**Stuart R. GRABOIS, in his fiduciary capacity as Director, and The New York City District Council of Carpenters Welfare Fund, Pension Fund, Vacation Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educational and Industry Fund, and Supplemental Funds, Plaintiffs,**

v.

**DURA ERECT CORP., Defendant.**

No. 94 Civ. 9246(DC).

United States District Court, S.D. New York.

Oct. 24, 1997.

Chadbourne & Parke, L.L.P. by Robert A. Schwinger, Nina H. Kazazian, New York City, for Plaintiffs.

David J. Sutton, Garden City, NY, for Defendant.

## MEMORANDUM DECISION

CHIN, District Judge.

On November 20, 1995, after having been informed that this case was settled, the Court entered a "30–day Order"—an order dismissing the case with leave to reinstate in the event the settlement was not consummated within 30 days. The Court heard nothing more about this case until June 26, 1997, some 585 days later, when plaintiffs, represented by new counsel (their current attorneys), wrote a letter to the Court requesting that the case be reinstated because the settlement was never finalized. Plaintiffs now move for an order vacating the order of dismissal and reinstating the action. For the reasons that follow, the motion is denied.

### FACTS

This is an employee fringe benefits funds collection case in which it is apparently undisputed that defendant Dura Erect Corp. is indebted to plaintiffs in the principal amount of approximately $146,855 for the period from July 1, 1988 through June 30, 1992.

In the fall of 1995, the parties settled this case in principle by agreeing on a payment schedule. On November 20, 1995, after being advised the case had been settled, I issued a an order (the "Order") dismissing the case but giving the parties 30 days in which to request reinstatement in the event they were unable to finalize the settlement. The Order provided in its entirety as follows:

It having been reported to this Court that the above entitled action has been settled,

IT IS ORDERED that this action be, and the same hereby is, discontinued with prejudice but without costs; provided, however, that if settlement is not consummated within 30 days of the date of this order, either party may apply by letter for

restoration of the action to the calendar of the undersigned, in which event the action will be restored.

Unfortunately, the parties were unable to finalize the settlement within 30 days. Neither side, however, requested reinstatement of the case, nor did the parties request an extension of the 30–day period, as parties in other cases often do when difficulties are encountered in finalizing a settlement after issuance of a 30–day order. To the contrary, the parties merely continued to correspond for months in an attempt to finalize a settlement stipulation. In May 1996, defendant finally executed a settlement agreement, but made hand-written revisions to the agreement. (Kazazian Aff. ¶ 9 & Exs. M, N). Plaintiffs' prior counsel, however, did not respond for three months. In July 1996, plaintiffs' counsel finally responded. Instead of simply signing and returning the agreement signed by defendant, plaintiffs signed and transmitted a revised settlement agreement, which meant that defendant had to sign again. (*Id.* ¶ 13 & Exs. O, P). Plaintiffs, prior counsel by-passed defendant's counsel and sent the stipulation directly to defendant for its signature. (Sutton Aff. ¶ 5). Under this revised stipulation, the first payment of $3,600 was due on August 10, 1996, with 46 other monthly payments to follow. (Kazazian Aff. Ex. O).

Defendant never signed or returned the revised stipulation, nor did it make any payments under the settlement. Plaintiffs and their prior counsel, however, also did nothing; they made no effort to obtain a fully executed settlement agreement, nor did they make any demand for payment.

In the fall of 1996, plaintiffs "undertook a wholesale change" in counsel. (Kazazian Aff. ¶ 15). Plaintiffs' current counsel took over all of the funds collection matters. The status of the instant case was reported to new counsel by prior counsel as "settled." (*Id.* ¶ 16).

In April 1997, plaintiffs' current attorneys finally realized there was a problem. They were unable to speak with defendant's counsel, however, until June 1997. They wrote to the Court on June 26, 1997 requesting reinstatement of the action.

This motion followed.

## *DISCUSSION*

In moving to vacate the Order, plaintiffs make two principal arguments. First, plaintiffs contend that the Order, by its terms, permits a party to seek reinstatement at any time because "it does not set any express outside deadline for returning to Court to seek reinstatement." (Pl. Mem. at 7). Second, plaintiffs argue in the alternative that the Order should be vacated under Fed. R.Civ.P. 60(b)(6), which permits a court to relieve a party from a final judgment or order in certain limited circumstances. Both arguments must be rejected.

### A. *The Language of the Order*

■ As to the first argument, defendants' interpretation of the Order—that a party could seek to reinstate the action at *any* time, including some 585 or even more days later—makes no sense. The Order provides that "if settlement is not consummated within 30 days of the date of this order, either party may apply by letter for restoration of the action . . . ." Clearly, the Order required that any request for restoration of the action be made within 30 days. At best, the Order can be construed as requiring that the request for reinstatement be made within a reasonable time after the expiration of the 30–day period. Even under the latter construction, however, 585 days was not a reasonable period of time.

A 30–day order is intended to help bring a litigation to a speedier resolution by enabling a court to manage its docket while giving the parties a reasonable period of time in which to reduce their settlement agreement to writing. A deadline for finalizing a settlement agreement is imposed to spur the parties into acting more quickly and efficiently. These purposes are defeated if the 30–day order is interpreted to give parties unlimited time to seek reinstatement of the action.

Because plaintiffs' interpretation of the Order is contradicted by both its plain language

and its clear intent, the first prong of the motion to vacate the Order is denied.

### B. *Rule 60(b)(6)*

■ As to the second argument, plaintiffs' reliance on Rule 60(b)(6) is misplaced because a party generally may *not* seek relief under clause (6) when the grounds for seeking the relief are covered by one of the other clauses of Rule 60(b), *i.e.*, clauses (1) to (5). Rule 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ...; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken....

It is well settled that clauses (1) through (5) and clause (6) "are mutually exclusive and that relief cannot be had under clause (6) if it would have been available under the earlier clauses." Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, 11 *Federal Practice & Procedure* § 2864 at 362 (2d ed.1995); *see Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863, 108 S.Ct. 2194, 2204, 100 L.Ed.2d 855 (1988) (Rule 60(b)(6) motion must "not [be] premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)"); *In re Emergency Beacon Corp.*, 666 F.2d 754, 758 (2d Cir.1981) ("[R]elief under clause (6) is lot available unless the asserted grounds for relief are not recognized in clauses (1)-(5)."). Moreover, a party "cannot circumvent the one year limitation [applicable to clauses (1), (2), and (3)] by invoking the residual clause (6) of Rule 60(b)." *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2d Cir.), *cert. denied*, 409 U.S. 883, 93 S.Ct. 173, 34 L.Ed.2d 139 (1972).

Here, plaintiffs did not seek to vacate the Order sooner because of inadvertence or neglect on the part of prior counsel. Prior counsel failed to follow-up on the execution of the settlement agreement. Likewise, prior counsel failed to follow-up on the payments called for under the settlement.

Under these circumstances, the appropriate basis for relief would have been Rule 60(b)(1)—mistake, inadvertence, or excusable neglect. *See, e.g., In re Emergency Beacon Corp.*, 666 F.2d at 759 ("Generally, [clause (1)] has been invoked to remedy the mistake of a party or his representative."); *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir.1986) ("Relief from counsel's error is normally sought pursuant to 60(b)(1) on the theory that such error constitutes mistake, inadvertence or excusable neglect."); *see also* Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, 11 *Federal Practice & Procedure* § 2864 at 371–72 (2d ed.1995) (where a party is "the victim of some blunder by counsel," clause (1) usually applies). Here, however, plaintiffs are barred from relying on clause (1) because substantially more than a year has transpired since the Order was entered. Plaintiffs' effort to invoke clause (6) is an obvious attempt to circumvent the one-year limitation. This effort must be rejected, for plaintiffs cannot rely on the latter when relief would have been available under the former had plaintiffs moved thereunder in a timely manner.

■ There are a few cases where relief was granted under Rule 60(b)(6) because of an attorney's failings, but those cases involved not merely mistake, inadvertence, or excusable neglect but extraordinary circumstances, such as mental disorders on the part of counsel. *See, e.g., United States v. Cirami*, 563 F.2d 26 (2d Cir.1977); *P.T. Busana Idaman Nurani v. Marissa by GHR Indus. Trading Corp.*, 151 F.R.D. 32 (S.D.N.Y.1993); *cf. Nemaizer*, 793 F.2d at 63 (noting that Second Circuit has "consistently indicated a reluctance" to "accept the proposition that when counsel's conduct shows *gross* negligence relief to a client may be afforded under Rule 60(b)(6)"). No such extraordinary circumstances exist in this case.

Moreover, plaintiffs cannot lay all the blame on prior counsel. *See Nemaizer*, 793 F.2d at 62–63 ("[A]n attorney's actions, whether arising from neglect, carelessness or inexperience, are attributable to the client,

who has a duty to protect his own interests.... To rule otherwise would empty the finality of judgments rule of meaning."). Plaintiffs should have realized that they were not receiving the $3,600 monthly payment called for under the agreement that they had signed. Indeed, eleven months went by—or almost $40,000 in missing payments—before any effort was finally made to rectify the problem. In these circumstances, even assuming extraordinary circumstances existed, plaintiffs did not file the instant motion within a "reasonable time." *See Truskoski v. ESPN,* 60 F.3d 74, 77 (2d Cir.1995) (60(b)(6) motion filed seventeen months late not filed within reasonable time); *Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation,* 605 F.2d 648, 656 (2d Cir.1979) (60(b)(6) motion filed one year after order entered not filed within reasonable time).

The Court is mindful that denial of plaintiffs' motion may lead to a harsh result and a potential windfall to a perhaps undeserving defendant. But, "[i]n deciding a Rule 60(b) motion, a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality." *Kotlicky v. United States Fidelity & Guaranty Co.,* 817 F.2d 6, 9 (2d Cir.1987).

In the present case, in view of the extraordinary length of the delay and the absence of any legitimate excuse for plaintiffs' failure to move for relief on a timely basis, a balancing of the competing policy considerations weighs in favor of finality. Moreover, it is not at all clear that plaintiffs are without any recourse. Although the Court's denial of the instant motion forecloses plaintiffs from pursuing their original claims under ERISA, plaintiffs may still have a cause of action for breach of contract against defendant based on the settlement—plaintiffs could prevail on such a claim by proving that the parties entered into a binding settlement agreement that defendant has breached. In addition, of course, plaintiffs may have a claim against prior counsel.

Accordingly, the request for relief under Rule 60(b)(6) is denied as well.

*CONCLUSION*

For the foregoing reasons, plaintiffs' motion to vacate the November 20, 1995 order of dismissal and to reinstate this action is denied.

SO ORDERED.