MUZE INC.; Plaintiff–Appellant,

v.

DIGITAL ON DEMAND, INC., Defendant–Appellee.

No. 03–7444.

United States Court of Appeals, Second Circuit.

Argued: Dec. 8, 2003.

Decided: Jan. 30, 2004.

Robert D. Lillienstein, New York, N.Y. (Abraham Y. Skoff, Ross J. Charap, Moses & Singer LLP, on the brief), for Plaintiff–Appellant.

Marya Lenn Yee, New York, N.Y. (Francine Miller, Donovan & Yee LLP, New York, N.Y., on the brief), for Defendant–Appellee.

Before: NEWMAN, CARDAMONE, and KATZMANN, Circuit Judges.

JON O. NEWMAN, Senior Circuit Judge.

This appeal concerns a variation of a so-called "30-day order," frequently used by district courts when parties report that a case is, or is about to be, settled, but that some additional time is needed to finalize their agreement. Such orders dismiss or

"discontinue" the case, but permit either party to have the case reinstated if settlement is not completed within a specified time, usually 30 days. The typical order also specifies that 30 days is the time limit, not only for completing the settlement, but also for requesting reinstatement if the settlement is not completed. In the pending appeal, the initial "30–day order" (actually an "18–day order") and the several extensions of it did not specify a time within which reinstatement had to be sought.

Plaintiff–Appellant Muze Inc. ("Muze") appeals from the April 3, 2003, order of the District Court for the Southern District of New York (Laura Taylor Swain, District Judge), denying its motion to reinstate its case against Defendant–Appellee Digital on Demand, Inc. ("D.O.D."). The case had been dismissed pursuant to a final extension of the initial "18–day order." Because neither the initial order, the interim extension orders, nor the final extension order specified that reinstatement had to be sought within the time set for finalizing the settlement, we conclude that the Appellant's request, initially made just six days after the expiration of the final settlement period, was a reasonable compliance with the District Court's order and should have been granted. We therefore reverse and remand.

### Background

Muze and D.O.D. had been engaged in a complex litigation, part of which had been pending before Judge Swain. Muze's claims evidently had sufficient merit to warrant entry of a preliminary injunction.

Upon being informed that a settlement was being negotiated, the District Court issued an Order on April 16, 2001, which stated, in relevant part:

It Is Hereby Ordered that the above-referenced action shall be and hereby is discontinued with prejudice and without costs to either party;

Should settlement not be finalized by May 4, 2001, this case will be reinstated by application of any party.

The May 4, 2001, deadline was extended six times. In January 2002, the district court issued a seventh and final extension. Repeating the reinstatement provision of the original order (but with an extended date), it stated:

Should settlement not be finalized by January 31, 2002, this case will be reinstated by application of any party.

The order also stated: "No further extensions."

Six days after the settlement deadline had passed, by letter dated February 6, 2002, Muze's counsel informed the District Court that the parties had reached a settlement, but that the settlement had not yet been signed. Obviously aware that the Court would not grant additional time for finalizing the settlement, Muze's counsel requested that the case be returned to the active docket in order to preserve Muze's claims.

The District Court did not act on this request. By July 2002, it became apparent that the settlement was not going to be finalized. Not having received any ruling in more than a year on the initial request for reinstatement, Muze's counsel made a second written application on March 27, 2003. The District Court denied the second application as "untimely" in a one-sentence order. Upon motion for reconsideration, which was denied, the District Court stated that the initial Order of Discontinuance, the language of which had been carried over into the extensions, had "plainly stated" that the case would be reinstated if application was made "by any date prior to" the deadline listed in the Order.

## Discussion

■ When parties report that a case has been settled but that some additional time is needed to finalize details of the settlement or secure necessary signatures, district judges usually enter an order dismissing or "discontinuing"[1] the case with prejudice and without costs, setting a deadline within which the settlement must be finalized, and permitting reinstatement if the settlement is not finalized. The usual form of order specifies that reinstatement must be sought within the same interval established as the time period for finalizing the settlement, normally thirty days. For example, in *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370 (2d Cir. 2003), the 30–day order, after ordering dismissal, included the following language:

> provided, however, that if settlement is not consummated within thirty days of the date of this order, either party may apply by letter *within the 30–day period* for restoration of the action to the calendar of the undersigned, in which event the action will be restored.

*Id.* at 375 (emphasis added); *see also, e.g., Cappillino v. Hyde Park Central School District*, 135 F.3d 264, 265 (2d Cir.1998) (setting a 45–day period for settlement and making clear that " '[i]f the settlement falls

through, you can reopen it' *within the 45– day period* " (emphasis added)).

In the pending case, Judge Swain's initial order, and all extensions of that order, set a period in which the settlement had to be finalized and authorized reinstatement, but did not state that reinstatement had to be sought within the time specified for finalizing the settlement. Instead, the order stated: "Should settlement not be finalized by May 4, 2001 [and subsequently extended dates], this case will be reinstated by application of any party."

■ In denying relief to Muze, Judge Swain said that her order "plainly stated" that reinstatement had to be sought within the time specified for finalizing the settlement. However, that is not what the order states, and comparison of her form of order with the form normally used makes the omission of a time period for a reinstatement request all the more evident. A district court's discretion to interpret its own order, *see County of Suffolk v. Stone and Webster Engineering Corp.*, 106 F.3d 1112, 1117 (2d Cir.1997), does not extend to inserting a new provision. By omitting the usual language specifying that the reinstatement request must be made *within* the time period for settlement, Judge

---

**1.** "Discontinue" is the verb often used by a plaintiff in requesting a voluntary ending of its lawsuit. When a court grants a plaintiff's request to discontinue, the court generally orders that the action is "dismissed," although some courts, as in the pending case, follow the terminology of the plaintiff's request and order that the action is "discontinued." The Federal Rules of Civil Procedure do not use the term "discontinue" (except for one reference in Rule E(5)(c) of the Supplemental Rules for Certain Admiralty and Maritime Claims). The Rules provide that when a plaintiff terminates its suit prior to the adverse party's answer or thereafter upon stipulation, the plaintiff files "a notice of dismissal," Fed.R.Civ.P. 41(a)(1), in which event the action is "dismissed" without court order, *id.*

Although a district court's order that a case is "discontinued" is understood to be the equivalent of stating that the case has been "dismissed," it seems preferable for courts to stay with the wording of the Rules.

"Discontinue," used to refer to the plaintiff's request, has been used in federal courts since at least as early as 1797. *See Brown v. Van Braam*, 3 U.S. (3 Dall.) 344, 346, 1 L.Ed. 629 n.(a) (1797) (Banks 1905) (Paterson, J.). Use of the word interchangeably with "dismiss" is not a recent phenomenon. *See Veazie v. Wadleigh*, 36 U.S. (11 Pet.) 55, 59, 62, 9 L.Ed. 630 (1837) (Little, Brown 1870) (describing plaintiff as moving to "discontinue" and to "dismiss" in Supreme Court).

Swain led the parties reasonably to believe that she was setting a time period only for settlement, and that if settlement could not be finalized within that period, reinstatement could be requested thereafter.

Of course, the lack of a deadline for a reinstatement request does not mean that either party had an unlimited time for seeking reinstatement. The omission of a time limit for a permitted or required task normally means that the task is to be performed within a reasonable time. *Cf., e.g., Allegheny Valley Brick Co. v. C.W. Raymond Co.*, 219 F. 477, 480 (2d Cir. 1914) ("As no time for performance is specified in either contract the implication is that a reasonable time is intended."); *United States ex rel. Falco Construction Corp. v. Summit General Contracting Corp.*, 760 F.Supp. 1004, 1012 (E.D.N.Y. 1991) ("hornbook law" that absent express time provision in contract "a reasonable time is implied").

In this case, Muze sought reinstatement within six days of the expiration of the last period allowed for finalizing the settlement. Surely Muze acted within a reasonable time. *Cf. Grabois v. Dura Erect Corp.*, 981 F.Supp. 295, 297 (S.D.N.Y.1997) (finding 585 days not reasonable period of time for seeking reinstatement). Nor did Muze act unreasonably in waiting a year to renew its reinstatement request in view of the District Court's failure to rule on the initial request. Lawyers are understandably reluctant to remind courts of their delays.

D.O.D. contends that the District Court's order must have been intended to require reinstatement within the same periods specified for settlement because all of the extensions of those time periods were requested prior to their expiration. We disagree. The requests to extend the settlement deadlines were properly made be-fore those deadlines expired, but such timely requests do not indicate that a reinstatement request, for which no precise deadline was set, had to be made within the same time period.

Just as we have always emphasized that "dismissals for ... ambiguities in pleadings are not favored," *Arfons v. E.I. Du Pont De Nemours & Co.*, 261 F.2d 434, 435 (2d Cir.1958), we should similarly disfavor dismissal where the District Court's order does not include the language customarily used to specify the time for reinstatement. We conclude that Muze must be allowed to reinstate its lawsuit.

### Conclusion

The order of the District Court is reversed, and the case is remanded with directions to reopen and permit reinstatement of the complaint. No costs.