**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 02 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEDRO E. CAMACHO,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>CITY OF SAN LUIS, an Arizona city;<br>CITY OF SAN LUIS CITY COUNCIL, as<br>agent of the City of San Luis; and SAN<br>LUIS FIRE DEPARTMENT, an agent of<br>the City of San Luis; OTHON LUNA and<br>ESTELLA LUNA,<br><br>　　　　　Defendants-Appellees. | No. 08-15371<br><br>D.C. No. CV-06-01462 PHX FJM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Frederick J. Martone, District Judge, Presiding

Argued and Submitted October 9, 2009
San Francisco, California

Before: SCHROEDER and BERZON, Circuit Judges, and SHADUR,[**] Senior
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except
as provided by 9th Cir. R. 36-3.

[**] The Honorable Milton I. Shadur, Senior United States District Judge for the
Northern District of Illinois, sitting by designation.

Pedro Camacho ("Camacho") appeals the district court's dismissal of his lawsuit based on the court's finding that Camacho had previously settled all his claims. We conclude that the district court did not abuse its discretion in dismissing the case with prejudice. Nor did the district court err in opting not to retain jurisdiction over challenges to the settlement agreement's validity or enforceability. We affirm the ruling of the district court.

## Background

Camacho's action comprised federal civil rights claims against the City of San Luis, its City Council and its Fire Department (collectively "City") and against Fire Department Chief Othon Luna and his wife Estella Luna (collectively "Lunas"). After participating in voluntary mediation, Camacho and his counsel filed a Notice of Settlement stating:

> Notice is hereby given that the above-captioned action has been settled. Counsel for the parties anticipate that they will submit a stipulation for dismissal with prejudice within the next 30 days.

Accordingly, on December 7, 2007 the district court entered this order ("December 7 Order"):

> Notice of settlement having been filed, IT IS ORDERED that this matter will be dismissed with prejudice within thirty days of the docketing of this order unless a stipulation to dismiss is filed prior to that date. All pending motions and hearings are deemed moot.

One day before the expiration of that 30-day period, Camacho filed this notice

2

titled "Notice of Plaintiff's Rejection of Settlement and Request That the Case Not Be Dismissed" ("Notice of Rejection"):

> Camacho does not agree with the terms of the parties' December 3, 2007 Settlement Agreement based on information he discovered after December 3, 2007, and believes he was misled by Defendants who withheld information that was only available to them, and based on their noncompliance with the original terms of settlement.

Shortly thereafter Camacho's attorney David Gomez ("Gomez") filed an Application for Withdrawal of Counsel, and the court convened both sides' counsel for a telephonic conference.[1] At that conference Gomez advised the court that a settlement agreement had resulted from mediation and that the parties' agreement, which had been prepared by the mediator, stated that any dispute as to the settlement terms should be brought to the mediator for resolution. In addition City's attorney described how the mediator had memorialized the settlement agreement by dictating the settlement terms into a dictaphone and by having counsel and Camacho make oral statements into the dictaphone confirming their assent to the terms. Lunas' attorney also corroborated that account. From that unanimous confirmation the district court concluded that the parties had reached a settlement through mediation that extinguished Camacho's claims, and it dismissed the action with prejudice.

---

[1] Later the district court denied Gomez's Application for Withdrawal as moot and as noncompliant with District of Arizona local rules.

3

## Standard of Review

We must affirm the district court's finding that the parties reached a settlement unless we conclude that finding was "clearly erroneous" (*Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988)).  Camacho attempts to summon to his aid Fed. R. Civ. P. ("Rule") 41(a)(2),[2] which would call for abuse-of-discretion review (see *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989)).  But as we explain later, Rule 41(a)(2) is also inapplicable here.

## Camacho's Agreement To Settle

As *Ahern,* 846 F.2d at 48 (internal citations and quotation marks omitted) confirmed fully two decades ago:

> The Ninth Circuit is firmly committed to the rule that the law favors and encourages compromise settlements.  There is an overriding public interest in settling and quieting litigation.  It is well recognized that settlement agreements are judicially favored as a matter of sound public policy.  Settlement agreements conserve judicial time and limit expensive litigation.

And the district court surely did not abuse its discretion in concluding that Camacho, like the other litigants, served that policy by agreeing to the terms of the settlement agreement.

---

[2]  Camacho acknowledges the inapplicability of Rule 41(a)(1), which covers a dismissal by plaintiff either (1) before defendant files a responsive pleading or (2) pursuant to a stipulation of dismissal.

4

Under Arizona law courts look to objective evidence when assessing questions of contract formation (*Johnson v. Earnhardt's Gilbert Dodge, Inc.*, 212 Ariz. 381, 384, 132 P.2d 825, 829 (2006) (en banc)). With all of the plentiful objective evidence pointing in the same direction, it is an understatement to characterize the district court's finding that the parties had reached a settlement as "not clearly erroneous."

Thus City and Lunas enumerate several indicia of settlement: (1) Camacho's Notice of Settlement stated that "the action has been settled"; (2) even Camacho's Notice of Rejection confirmed the existence of an agreement by referring to "the parties' December 3, 2007 Settlement Agreement"; (3) Gomez's Application To Withdraw as Camacho's counsel (which Camacho also signed) stated that "the case was settled on December 3, 2007"; (4) during the telephonic conference convened by the court, all counsel--Gomez and the counsel for City and Lunas--stated that the parties had entered into a settlement agreement at mediation. In sum, Camacho's Notice of Settlement indicated no conditions precedent to the conclusion of a final agreement, and nothing that occurred thereafter, including Camacho's own Notice of Rejection, even suggested that the parties had not entered into an agreement on December 3, 2007.

Camacho's twists and turns to avoid that conclusion and its consequences

5

are unavailing. Though we might well afford him short shrift by affirming on the basis of what has already been said, we will devote a few pages to his unpersuasive offerings.

For one thing, Camacho seeks to denigrate the numerous indicia of settlement, arguing that the district court should not have relied on the language of the Notice of Rejection, the language of Gomez's Application for Withdrawal and Gomez's statements at the telephonic hearing. As for his Notice of Rejection, Camacho urges that it was meant to register his disagreement, not to confirm that the parties had reached settlement--but he cannot escape his own language confirming that settlement had been reached. As for the Application for Withdrawal and Gomez's statements at the telephonic hearing, Camacho contends that they are without force because both postdate the Notice of Rejection by which he formally registered his rejection of the settlement. That argument of course represents a total non sequitur. And Camacho's further contention that Gomez had no authority to bind Camacho to settlement, given the breakdown in the attorney-client relationship, also has no legs, because Gomez's statements did not seek to bind Camacho to a new settlement agreement after they parted company--instead they confirmed that the parties had previously reached a settlement.

Camacho's second line of attack is that the district court should have

permitted reinstatement within the 30 day period as a matter of right, citing *Muze, Inc. v. Digital on Demand, Inc.*, 356 F.3d 492, 494 (2d Cir. 2004) for the proposition that reinstatement should be allowed when the court dismisses a case after "parties report that a case has been settled but that some additional time is needed to finalize the details." It is unnecessary to decide whether to subscribe to the *Muze* analysis because the Notice of Settlement here was unconditional ("the above-captioned action has been settled"), with no time needed to finalize any nonexistent details. And that is why the district court's December 7 Order (based on the Notice of Settlement) appropriately did not indicate--or even suggest--that settlement was not yet finalized or that the parties could reinstate the case.[3]

Third, in his earlier-mentioned effort to invoke Rule 41(a)(2), Camacho mischaracterizes the Notice of Settlement as a "plaintiff's request" for voluntary dismissal, as to which he says he had a right to withdraw that "request" within a reasonable time. To be sure, a plaintiff may withdraw a Rule 41(a)(2) dismissal motion "if he feels the conditions imposed [on dismissal] are too burdensome" (*Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 931 (9th Cir. 1986)), but that

---

[3] Indeed, the December 7 Order's reference to the possibility of a stipulation to dismiss made it clear that such a stipulation would be no more than the parties' choice of an alternative vehicle to memorialize the settlement that had been reached--note that the Order said "this matter *will* be dismissed with prejudice" in the absence of such a stipulation.

proposition has no bearing where, as here, the dismissal is by agreement of all the parties, rather than initiated solely at the plaintiff's instance (the latter being the defined scope of Rule 41(a)). Camacho's Notice of Settlement was not a "plaintiff's request" for dismissal--it was instead a statement that the *parties* had settled. Camacho cannot draw upon *Lau* for support because his Notice of Settlement bears no resemblance to the Rule 41(a)(2) motion at issue in that case.

Finally, Camacho laments that he was "never provided the opportunity to present any additional evidence to support" his claim that he did not enter the settlement agreement knowingly and voluntarily. Not so. Nothing prevented him from amplifying on his Notice of Rejection's brief explanation for his change of heart as to settlement by then presenting more detailed arguments as to what information his adversaries had assertedly withheld or how he was assertedly misled.

In short, none of Camacho's arguments about the existence of the settlement agreement presents a legitimate challenge to the district court's determination.[4] We conclude that the district court's finding was invulnerable under *Ahern*'s "clearly erroneous" standard--or, indeed, under any more demanding standard.

---

[4] We eschew discussion of Camacho's added arguments advanced for the first time in his Reply Brief (see *Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009)).

## Nonretention of Jurisdiction

Because the district court found the parties had reached an agreement via mediation, it was the court's prerogative not to retain jurisdiction over any disputes raised by the Notice of Rejection as to whether the agreement was valid or enforceable. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) confirms that absent an express retention by a district court of jurisdiction to enforce a settlement agreement reached in a case pending before it, such "enforcement of the settlement agreement is for the state courts, unless there is some independent basis for federal jurisdiction." Although this case poses the flip side of the *Kokkonen* situation--an effort to undo rather than to enforce a settlement agreement--it remains true that the *Kokkonen* analysis of the effect of a settlement in converting a federal question into a contract dispute applies with equal force. And that being true, we uphold the district court's declination of the issue.[5]

## Conclusion

We conclude that the district court was entirely correct in its determination that Camacho entered into a settlement agreement during his voluntary mediation with the City and the Lunas. Hence the district court surely did not abuse its

---

[5] Just as was the case with *In re Hunter*, 66 F.3d 1002, 1006 (9th Cir. 1995), there might arguably be room for a Rule 60(b) motion to set aside the judgment of dismissal-- but here as there Camacho did not seek to travel that path.

9

discretion when it dismissed Camacho's claims with prejudice, despite Camacho's belated attempt to repudiate the settlement agreement, and when it declined to retain jurisdiction to deal with that attempt. We therefore affirm the district court's ruling in its entirety.

AFFIRMED.