**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY WOHLLAIB, | No. 09-35861 |
| Plaintiff, | D.C. No. 2:07-cv-00080-RAJ |
| and | |
| CHRISTOPHER DENIS KUEBLER, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON, SEATTLE, | |
| Appellee, | |
| and | |
| ICICLE SEAFOODS, INC., | |
| Defendant. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted September 2, 2010[]
Seattle, Washington

Before:   HAWKINS, McKEOWN and BEA, Circuit Judges.

Plaintiff's counsel, Christopher Kuebler, appeals the district court's *sua sponte* imposition of a $5,000 sanction, claiming Rule 11 of Civil Procedure prohibits the sanction because the parties had already settled the underlying case.  By no means countenancing the behavior occasioning the sanction, we agree with Kuebler's reading of Rule 11, and having determined the parties' Mediation Agreement was a "settlement" for Rule 11 purposes, we reverse and remand.

Rule 11 clearly prohibits a district court from *sua sponte* issuing an order to show cause why the court should not impose a monetary sanction if the parties have already settled a case.  Fed. R. Civ. P. 11(c)(5) ("The court must not impose a monetary sanction . . . on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned."); *see also* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §1336.3 (3d ed. 2004).

Here, the signed Mediation Agreement was a settlement and was entered into before the district court issued its Order to Show Cause.  The Mediation Agreement's

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2

requirement of removal of the offending language from the district court filings was a part of performance rather than a condition of contract formation. *See Tacoma Northpark, LLC v. NW, LLC*, 96 P.3d 454, 457 (Wash. Ct. App. 2004) (quoting *Ross v. Harding*, 391 P.2d 526, 530 (Wash. 1964)); *see also Camacho v. City of San Luis*, 359 Fed. Appx. 794, 796–97 (9th Cir. 2009) (applying Arizona contract law to a similarly situated appeal of the enforceability of a settlement agreement in Arizona).

Particularly given our statements emphasizing our "firm[] commit[ment] to the rule that the law favors and encourages compromise settlements," *Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988), the district court erred in concluding the Mediation Agreement was not a settlement for the purposes of Rule 11.

Of course, reversing the monetary sanction is not necessarily a loophole through which Kuebler can escape sanction for behavior intended to harass opposing counsel's law firm. Although it is preferable that a district court impose sanctions before issuing a final order, the text of Rule 11 does not place a time limit on a court's ability to sanction. *See* 2 James Wm. Moore, *Moore's Federal Practice*, §11.22[2][a] (3d. ed. 2010). Thus, we remand for the district court to consider whether some alternative sanction is appropriate to ensure Kuebler is deterred from similar litigation tactics in the future. *See* Wright and Miller, *supra*, at § 1336.3 n.70.

**REVERSED and REMANDED.**