# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 14, 2012

Lyle W. Cayce
Clerk

No. 11-30356

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MALCOLM R. PETAL,

Defendant

RUTH PETAL,

Movant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:08-CR-176-2

Before DeMOSS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ruth Petal appeals a $3,000 civil contempt judgment against her for failing to comply with a garnishment order issued by the district court. Under the garnishment order, the person who was renting Petal's son's house was required to pay monthly rent to the Government and Petal was required to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30356

produce an accounting of past rents paid. Petal was sanctioned for failing to produce the accounting and for inducing the renter to disregard his obligations under the garnishment order.

Petal raises two arguments on appeal. She first argues that her due process rights were violated because the garnishment order did not provide a specific date by which the accounting was due. We have held that an order containing a time limit for compliance was sufficiently specific and unambiguous to be enforceable by means of contempt. *Fed. Deposit Ins. Corp. v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995). However, holding that such specificity is sufficient is not the same as holding that it is necessary. In the absence of a specific compliance deadline in a court order, parties must comply with the order within a reasonable time. *See, e.g., Muze Inc. v. Digital on Demand, Inc.*, 356 F.3d 492, 495 (2d Cir. 2004). Accordingly, Petal's argument that the lack of a specific time limit for compliance rendered the contempt order unenforceable is without merit.

Petal also argues that the contempt judgment should be reversed because the district court failed to consider whether Capital One Bank, which holds a mortgage on her son's house, has a right to the rental proceeds superior to that of the Government. Petal's brief fails to cite any relevant legal authority supporting this argument, rendering it waived for inadequate briefing. *See United States v. Stalnaker*, 571 F.3d 428, 439–40 (5th Cir. 2009); *Kohler v. Englade*, 470 F.3d 1104, 1114 (5th Cir. 2006); *Salazar-Regino v. Trominski*, 415 F.3d 436, 452 (5th Cir. 2005), *vacated on other grounds sub nom. Salazar-Regino v. Moore*, 549 U.S. 1093 (2006); *L & A Contracting Co. v. S. Concrete Servs., Inc.*, 17 F.3d 106, 113 (5th Cir. 1994); *see also* Fed. R. App. P. 28(a)(9)(A).

We AFFIRM in part and DISMISS in part for inadequate briefing.