**Carr MASSI, Plaintiff,**

v.

**198 CHELSEA CORP., Shigemitsu New York, Inc., Defendants.**

**16–CV–01872 (BCM)**

United States District Court, S.D. New York.

Signed November 9, 2016

James E. Bahamonde, Law Offices of James E. Bahamonde, PC, North Bellmore, NY, for Plainti.

Andrew W. Singer, Joseph Daniel Lockinger, Tannenbaum Helpern Syracuse & Hirschtritt LLP, New York, NY, for Defendants.

### ORDER

Barbara Moses, United States Magistrate Judge

This action, brought under the Americans with Disabilities Act (ADA), is before the Court on consent pursuant to 28 U.S.C. § 636(c). On July 12, 2016, the parties informed the Court by letter (Dkt. No. 26) that they had reached a settlement in principle of all claims asserted herein. On July 13, 2016, the Court issued a 30–day dismissal order (Dkt. No. 27), dismissing the action without costs "and without prejudice to the right to reopen within thirty days of the date of this Order if the settlement has not been completed." The July 13 Order further specified that "if the parties wish the Court to retain jurisdiction for the purpose of enforcing any settlement agreement, they must submit the settlement agreement to the Court within the same thirty-day period, to be 'so ordered' by the Court."

After several delays and extensions—due in part to continuing settlement negotiations and in part to a change in counsel for defendant 198 Chelsea Corp.—the parties submitted a proposed Stipulation of Settlement and Order (Stipulation) through the Orders and Judgments Clerk, executed on October 24, 2016 by counsel

for plaintiff and on October 25, 2016 by counsel for defendants. The Stipulation (Dkt. No. 41) requires defendant Shigemitsu New York, Inc. (Shigemitsu) to make certain "accessibility alterations" to its facility and to make cash payments in the total amount of $11,930, of which $1,950 (16%) will go to plaintiff Carr Massi and $9,980 (84%) will go to Massi's counsel, James E. Bahamonde, Esq. The payment to plaintiff is to be made within 10 days of the "execution of this agreement." No date is specified for the payment to plaintiff's counsel. The alterations are to be made within nine months "of the date that this Settlement Agreement is fully executed," unless the delay is due to "acts beyond the control of Defendant Shigemitsu," in which case unspecified additional time will be permitted. The Stipulation contains a "so ordered" signature line for the Court. It is not clear whether the parties consider the Stipulation "executed" or "fully executed" in the absence of the Court's signature.

This is not the only ambiguous portion of the Stipulation. For example, Paragraph 1 provides that the Court shall retain jurisdiction for the purpose of interpreting or "carrying out" the terms of the settlement. And paragraph 17—discussed in more detail below—states that in the event of a breach by defendants they will remain liable for the payments owed under the Stipulation, together with plaintiff's attorney fees and collection costs. The last sentence of paragraph 1, however, provides that in the event of a breach by defendants the plaintiff's causes of action will be "revived," suggesting that plaintiff's remedy will be to rescind the contract rather than to affirm and enforce it.

If the plaintiff's causes of action are "revived" pursuant to paragraph 1, they will presumably be revived as against both defendants, although only defendant Shigemitsu is required to provide any settlement consideration. Similarly, paragraph 17 states that if enforcement proceedings are required, "plaintiff's counsel" (but not, apparently, plaintiff himself) "shall be entitled to an automatic judgment against defendants" (plural) "for the total outstanding amount together with all attorneys' fees, collection costs, and other expenses incurred in enforcing this agreement."[1] Even more explicitly, paragraph 17 specifies that both defendants will be "jointly and severally" liable for plaintiffs' attorney fees and collection costs in the event the paying defendant, Shigemitsu, fails to make its payments on time. On the other hand, paragraph 20, which contains a release from plaintiff to both defendants, states that no breach "by a particular Defendant will have any impact on the release or obligations of any of the other Defendants."

Perhaps most troubling, paragraph 6 states that the parties "acknowledge that they have been afforded an opportunity to consider the terms and conditions" of the Stipulation, have "read and understand" those terms, and were "provided with the opportunity to consult with their respective counsel prior to their execution" of the document. However, the Stipulation is signed only by the parties' counsel, not the parties themselves.

No judicially-supervised settlement conference was held in this action. The Court did not assist the parties in reaching their settlement and has not been asked to approve its terms. Having now reviewed the Stipulation and considered the likely difficulties associated with administration of those terms, the Court declines to retain jurisdiction for the purpose of settlement

---

1. There is no mention, anywhere in the Stipulation, of any confession of judgment or other mechanism for imposing an "automatic" judgment.

enforcement. "A district court is not obliged to retain jurisdiction to enforce a settlement simply because parties may wish it to do so. It might, for example, perhaps properly decline to retain jurisdiction where the administration of a settlement threatened to impose undue burdens on it." *Cross Media Mktg. Corp. v. Budget Mktg., Inc.*, 319 F.Supp.2d 482, 483 (S.D.N.Y. 2004). *See also Camacho v. City of San Luis*, 359 Fed.Appx. 794, 798 (9th Cir. 2009) (it was the district court's "prerogative not to retain jurisdiction" over a private settlement); *Parke v. Glover*, 2010 WL 2036408, at *1 (S.D. Ala. May 19, 2010) (declining to retain jurisdiction over private settlement agreement "that the Court had no involvement whatsoever in brokering"); *Int'l Bhd. of Elec. Workers, Local 90 v. Nat'l Elec. Contractors Ass'n*, 2008 WL 918481, at *15 (D. Conn. Mar. 31, 2008) (entering judgment including injunctive relief but declining to retain jurisdiction "or to monitor the enforcement of this ruling").

Since no judicial approval is required to settle a non-class ADA action, the parties remain free to settle their case on whatever terms are satisfactory to them, so long as it is the parties' own decision to do so and they are willing to forgo any assertion of continuing jurisdiction by this Court. *See Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) (to retain ancillary jurisdiction for settlement enforcement purposes, a district court "must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order") (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). In order to give the parties time to consider their options, the Court will once again extend their deadline for finalizing their settlement documents or reopening the action.

IT IS HEREBY ORDERED that the parties may submit a stipulation of dismissal—or apply to reopen this action—within **thirty days of the date of this Order, that is, on or before December 9, 2016.** In the absence of timely action by the parties this matter will be DISMISSED without prejudice and without costs.

**SO ORDERED.**