10-3657-cv
Niederland v. Chase

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of May, two thousand eleven.

PRESENT: REENA RAGGI,
              RAYMOND J. LOHIER, JR.,
              J. CLIFFORD WALLACE,*
                 *Circuit Judges.*

-----------------------------------------------------------------------------

MARGOT NIEDERLAND,

            *Plaintiff - Counter-Defendant - Appellant*,

      v.                                   No. 10-3657-cv

AMBER TYLER CHASE, d.b.a. L'ORAGE LIMITED,
            *Defendant - Counter-Claimant - Appellee.*

-----------------------------------------------------------------------------

APPEARING FOR APPELLANT:      DAN C. KOZUSKO (Roger Netzer, Fara S. Sunderji, *on the brief*), Willkie Farr & Gallagher LLP, New York, New York.

APPEARING FOR APPELLEE:      JOSEPH J. McFADDEN (Susan J. Kohlmann, *on the brief*), Jenner & Block LLP, New York, New York.

---

     * Circuit Judge J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

Appeal from a final order of the United States District Court for the Eastern District of New York (Nina Gershon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on August 9, 2010, is AFFIRMED.

Plaintiff Margot Niederland appeals from the denial of her motion for reconsideration, see Fed. R. Civ. P. 60(b)(1), of the district court's February 2, 2010 order denying her informal letter request to reopen this copyright action, which had been closed by order dated October 26, 2009, and entered on the docket the following day. Niederland also faults the district court for failing sua sponte to correct a clerical error in the February 2 order. See Fed. R. Civ. P. 60(a). We review Rule 60 challenges for abuse of discretion. See Johnson v. Univ. of Rochester Med. Ctr., --- F.3d ---, 2011 WL 1466522, at *2 (2d Cir. 2011) (noting, in Rule 60(b)(1) context, that district court abuses discretion if (1) its ruling "rests on an error of law or a clearly erroneous factual finding; or (2) cannot be found within the range of permissible decisions"); Paddington Partners v. Bouchard, 34 F.3d 1132, 1140 (2d Cir. 1994) (applying abuse of discretion standard for Rule 60(a)). In applying this standard here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.     Rule 60(b)(1)

Rule 60(b)(1) provides the district court with discretion to relieve a party from a final judgment or order because of "mistake, inadvertence, surprise, or excusable neglect," including the district court's own mistake of fact. Fed. R. Civ. P. 60(b)(1); see Johnson v.

2

Univ. of Rochester Med. Ctr., 2011 WL 1466522, at *2; Gey Assocs. Gen. P'ship v. 310 Assocs. (In re 310 Assocs.), 346 F.3d 31, 34-35 (2d Cir. 2003). Niederland submits that one district court mistake – a "mistaken understanding that the parties' report of a settlement-in-principle meant that the case 'had been settled,'" Appellant's Br. at 16 – supports her Rule 60(b)(1) motion, while another – a mistaken construction of her motion as seeking relief from the October 26 order of closure rather than from the February 2 order denying vacatur of the October order and reopening of the case – prompted the erroneous denial of her Rule 60(b)(1) motion as untimely. We are not persuaded.

   a.    Timeliness

Rule 60(b)(1) motions must be made "within a reasonable time" not to exceed one year. Fed. R. Civ. P. 60(c)(1); see Kotlicky v. U.S. Fid. & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987) ("All Rule 60(b) motions must be made within a reasonable time." (internal quotation marks omitted)). In making a reasonableness assessment, a court properly "scrutinize[s] the particular circumstances of the case, and balance[s] the interest in finality with the reasons for delay." PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897 (2d Cir. 1983) (applying reasonableness inquiry in Rule 60(b)(6) context). Mindful of this principle, we understand the district court's observation – that although Niederland styled her Rule 60(b)(1) motion as one "for reconsideration of [the] February 2, 2010 order refusing to reopen this case, . . . this motion is, in effect, a motion for reconsideration of [the] order of October 26, 2009 closing this case, as the relief it ultimately seeks is the revocation of that order and reopening of the case," Order, Niederland v. Chase, No. 08-cv-1054, at 1 (S.D.N.Y. Aug. 3, 2010) – not

3

to misconstrue Niederland's Rule 60(b)(1) motion but to "scrutinize" it under the "particular circumstances." So understood, we identify no abuse of discretion in the district court's denial of reconsideration.

First, it is well established that "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided," in this case, closure. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Donovan v. Sovereign Sec., Ltd., 726 F.2d 55, 60 (2d Cir. 1984) (noting that party may not use Rule 60 "simply to relitigate matters settled by the original judgment"). Second, the district court reasonably determined that timeliness concerns reinforced this conclusion.[1]

Rule 60(b)(1) motions to reopen based on district court mistakes are generally deemed untimely if made after the deadline for filing a notice of appeal. See In re 310 Assocs., 346 F.3d at 35. The law affords a civil litigant thirty days to appeal from a final order. See 28 U.S.C. § 2107(a). Niederland filed her Rule 60(b)(1) motion on March 5, 2010, one day past the deadline for appealing the February 2, 2010 order declining to reopen the case. By itself, this would not warrant a finding of untimeliness because Niederland had advised the district court of her intent to file for reconsideration on February 12, 2010, and the court had itself set a March 5 deadline for filing. What raises a timeliness concern, however, is that the premise for the Rule 60(b)(1) motion was identical to that asserted in Niederland's earlier

---

[1] Because we identify no abuse of discretion in the district court's rejection of Niederland's motion for reconsideration as untimely under Rule 60(b)(1), we need not consider the district court's conclusion that the motion was also untimely under Local Rule 6.3 of the Southern and Eastern Districts of New York.

4

letter application to vacate closure and reopen, i.e., the district court's purported misunderstanding of the reported settlement as final. Niederland had waited almost two months after closure to make this application (itself a request for Rule 60(b)(1) relief), well beyond the time for appeal. One of the reasons for not permitting Rule 60(b)(1) motions to correct court errors after the deadline for appeal is to prevent the rule from becoming a vehicle to assert an otherwise time-barred appeal. See In re 310 Assocs., 348 F.3d at 35; Schildhaus v. Moe, 335 F.2d 529, 531 (2d Cir. 1964). To allow Niederland to file a Rule 60(b)(1) motion for reconsideration of an earlier untimely Rule 60(b)(1) motion based on the same purported court error would defeat that preventative bar.

In urging otherwise, Niederland submits that the October 26 closure order was not an appealable final decision. See 28 U.S.C. § 1291. In fact, the finality of that order is convincingly demonstrated by the district court's direction of closure without qualification and without retention of jurisdiction or indication of further court action. See Vona v. County of Niagara, 119 F.3d 201, 206 (2d Cir. 1997) (collecting cases supporting conclusion that final judgment may exist where "case was marked 'closed'" by order of district court). Cappillino v. Hyde Park Central School District, 135 F.3d 264 (2d Cir. 1998), cited by Niederland, warrants no different conclusion. There, a district court dismissed a case based on a reported tentative settlement, stating expressly that either party could move by letter to reopen within forty-five days. See id. at 265-66. By contrast, the October 26 closure order contained no comparable provision.

To be sure, where, as here, parties report a settlement but need time to finalize

5

documentation, a frequent practice among district courts in this circuit is to dismiss the case, setting a short time – often thirty days – in which reinstatement may be sought. See Muze Inc. v. Digital On Demand, Inc., 356 F.3d 492, 494 (2d Cir. 2004); see, e.g., Guido v. Allegiance Healthcare Corp., No. 98 Civ. 1006, 2004 WL 2609414, at *1-2 (S.D.N.Y. Nov. 17, 2004). Although the district court here did not set such a time-frame for dismissal, "the lack of a deadline . . . does not mean that either party had an unlimited time for" submitting final documentation or requesting further action by the district court. Muze Inc. v. Digital On Demand, Inc., 356 F.3d at 495. Rather, a party must act "within a reasonable time." Id. Thus, when after five months no party had communicated to the district court any need to reactivate the case, the court reasonably entered a final order of closure.

In maintaining that the closure order was not final, Niederland points to ex parte conversations between her attorneys and a court clerk. No member of the bar, and certainly not Niederland's proficient and experienced attorneys, would reasonably rely on such a conversation to conclude that an apparently final order was a non-final one so as to eliminate the need to file a timely motion to vacate. Cf. United States v. Canova, 412 F.3d 331, 346 (2d Cir. 2005) (holding that counsel could not rely on court clerk's purported grant of extension beyond court's authority under Fed. R. Crim. P. 33). Equally unavailing is Niederland's claim that the district court's December 11, 2009 grant of her request for a status conference indicated that the October 26 closure order was not final. The request did not alert the district court – which carries a docket of hundreds of cases – to the fact that a closure order had been recorded, and, as soon as the district court became aware of that order,

it promptly canceled the conference, noting its lack of jurisdiction.

On this record, where Niederland waited two months to request vacatur of the closure order, we identify no abuse of discretion in the district court's determination that Niederland could not render that application timely by re-presenting it as a Rule 60(b)(1) motion for reconsideration.

b.      Merits

Even if Niederland's Rule 60(b)(1) motion were deemed a timely request for relief from only the February 2, 2010 order, we would still affirm the district court's denial because the claim that the February 2 order is infected by a "mistaken understanding that the parties' report of a settlement-in-principle meant that the case 'had been settled'" is patently meritless.  Appellant's Br. at 16.  Certainly nothing in the February 2 order indicates any misunderstanding as to the settlement status of the case, nor is there a record basis for inferring any such misunderstanding in light of the parties' agreement, in submissions leading to the February 2 order, that no settlement had been reached.  Rather, in the February 2 order, the district court explained that it had ordered closure on October 26, 2009, because "[o]n June 4, 2009, it was reported that this case . . . had been settled," and "[t]he parties did not challenge that report" at any time in the ensuing five months.  Order, <u>Niederland v. Chase</u>, No. 08-cv-1054, at 1 (S.D.N.Y. Feb. 2, 2010).  While we doubt Niederland's ability to challenge the October 26 closure under these circumstances, <u>see generally</u> <u>Muze Inc. v. Digital on Demand, Inc.</u>, 356 F.3d at 495, that is not the issue before us.  To the extent Niederland relies on the district court's purported mistake as to the status of settlement <u>on</u>

7

February 2, 2010, to argue abuse of discretion in the denial of her Rule 60(b)(1) motion for reconsideration, that claim necessarily fails for lack of record support.

2.   Rule 60(a)

Niederland submits that the district court abused its discretion in not <u>sua sponte</u> exercising its Rule 60(a) authority to correct a mistake in the closure order.  <u>See</u> Fed. R. Civ. P. 60(a) (allowing for correction of "clerical mistake . . . found in a judgment" or order at any time); <u>Truskoski v. ESPN, Inc.</u>, 60 F.3d 74, 77 (2d Cir. 1995).  She contends that the closure order "erroneously transcribed the contents" of the June 4 docket entry reporting settlement by omitting the qualifying phrase, "subject to the filing of closing documentation." Appellant's Br. at 26 (internal quotation marks omitted).  These circumstances do not demonstrate abuse of discretion.

Rule 60(a) affords a means "to correct a judgment for the purpose of reflecting accurately a decision that the court actually made."  <u>Hodge v. Hodge</u>, 269 F.3d 155, 158 (2d Cir. 2001) (internal quotation marks omitted).  No correction to the October 26 order is necessary to reflect accurately the district court's decision to close the case based on the fact that, after five months, no party had objected to the June 4 report of settlement.  Rather, Niederland seeks "correction" in order to challenge the closure decision.  As a result, the district court did not abuse its discretion in not amending <u>sua sponte</u> an order so as to upset its ruling.

In sum, we reject Niederland's Rule 60(a) challenge as without merit.

3.   Conclusion

We have considered Niederland's other arguments on appeal and conclude that they are without merit.  Accordingly, we AFFIRM the district court's order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court