14-2020-cv
*Francis Hoefer v. Bd. of Educ. of Middletown*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

————————

August Term, 2014

(Argued: March 16, 2015           Decided: April 14, 2016)

Docket No. 14-2020-cv

————————

FRANCIS HOEFER,

*Plaintiff-Appellant,*

v.

BOARD OF EDUCATION OF THE ENLARGED CITY SCHOOL DISTRICT OF
MIDDLETOWN, KENNETH EASTWOOD, WILLIAM GEIGER, JOHN DOE 1, AND
JOHN DOE 2,

*Defendants-Appellees.*

————————

Before:

SACK and DRONEY, *Circuit Judges*, and STANCEU, *Judge.*\*

————————

Appeal of a decision of the United States District Court for the Southern District of New York (Ramos, *Judge*) granting a motion of defendants-appellees for partial summary judgment and a final decision by the district court dismissing the action with prejudice. We conclude that we lack jurisdiction over the appeal of the grant of the

---

\* The Honorable Timothy C. Stanceu, Chief Judge, United States Court of International Trade, sitting by designation.

motion for partial summary judgment. We conclude, further, that the district court abused its discretion in entering its final order dismissing the action. Accordingly, the district court's order of dismissal is VACATED and the action is REMANDED for further proceedings.

Judge DRONEY dissents in a separate opinion.

————————

MICHAEL H. SUSSMAN, Sussman & Watkins, Goshen, NY, *for Plaintiff-Appellant*.

JOHN MCKAY III, HOWARD M. MILLER (Richard S. Finkel, Jessica C. Moller, *on the brief)*, Bond, Schoeneck & King, PLLC, Garden City, NY, *for Defendants-Appellees*.

————————

STANCEU, *Judge*:

Plaintiff-appellant Francis Hoefer appeals a May 29, 2014 order of the United States District Court for the Southern District of New York (Ramos, *Judge*) dismissing his action with prejudice. The district court ordered the dismissal for Hoefer's failure to seek timely reinstatement following a conditional dismissal order the district court entered to effectuate a then-pending settlement agreement, which one defendant refused to join. Hoefer also appeals, separately and on the merits, the district court's earlier order, dated January 9, 2013, which granted a motion for partial summary judgment in favor of three of the defendants.

We conclude that we lack jurisdiction over the appeal of the grant of the motion for partial summary judgment. We vacate the district court's May 29, 2014 dismissal, concluding that this dismissal was an abuse of discretion.

**BACKGROUND**

This dispute arose from an incident at a public meeting held by the Board of Education of the Enlarged City School District of Middletown, New York (the "Board of Education") on March 4, 2010, during which Hoefer briefly was taken into police custody. Following the incident, Hoefer brought an action under 42 U.S.C. § 1983 asserting various First and Fourth Amendment claims against the defendants. Hoefer claimed that three defendants—the Board of Education, its president William Geiger, and Kenneth Eastwood, the district's Superintendent of Schools—violated his First Amendment rights by excluding him from, and denying him the opportunity to speak during, the public meeting. Hoefer also brought Fourth Amendment false arrest claims against Eastwood and two unnamed Middletown police officers ("John Doe 1" and "John Doe 2"). In a January 9, 2013 opinion and order, the district court granted a motion for partial summary judgment in favor of defendants Eastwood, Geiger, and the Board of Education on Hoefer's false arrest claim against Eastwood. In the same opinion and order, the district court dismissed, sua sponte, the false arrest claims against John Does 1 and 2. On January 29, 2013, the district court set a date of May 6, 2013 for a trial on the remaining claims.

3

On April 23, 2013, a day after the parties informed the district court of their having reached a settlement agreement, the district court issued an order stating as follows:

> The Court having been advised that all claims asserted herein have been settled, it is ORDERED, that the above-entitled action be and hereby is discontinued, without costs to either party, subject to reopening should the settlement not be consummated within sixty (60) days of the date hereof. The parties are advised that if they wish the Court to retain jurisdiction in this matter for purposes of enforcing any settlement agreement, they must submit the settlement agreement to the Court within the next 60 days with a request that the agreement be "so ordered" by the Court.

J.A. 452. As of the close of the 60-day period on June 22, 2013, no settlement had been consummated.

By letter dated August 30, 2013, Hoefer informed the district court that "the school district ha[d] failed—through its Board of Education—to approve the settlement" and added "that the Court should set a date certain by which the settlement will be approved and the proceeds paid or return this matter to the trial calendar." J.A. 506-07. Hoefer followed with another letter, dated September 18, 2013, informing the district court that the issues had been resolved as to defendants Board of Education and Geiger and the settlement proceeds had been paid. The letter further informed the district court that Hoefer desired to litigate his First Amendment claims against Eastwood, which remained outstanding due to Eastwood's refusal to join the settlement, and requested "that the Court schedule a conference in this matter so that a

4

trial date may be set on the remaining claims." J.A. 454. In response, the district court, on September 20, 2013, scheduled a status conference for October 24, 2013, at which Eastwood requested leave to file a second motion for summary judgment and for relief under Federal Rules of Civil Procedure 12(c) and 12(h)(2). The district court denied this request in an opinion and order, issued April 7, 2014, reasoning that Eastwood could have raised the same defense earlier and that "[a]t this point, a trial will most efficiently dispose of the case, and any further briefing will significantly delay its resolution." J.A. 495.

At a pre-trial conference on April 22, 2014, the district court directed Hoefer to submit a letter addressing the issue of whether the court had retained jurisdiction over the action. Hoefer responded in the affirmative, and Eastwood submitted a letter, dated May 5, 2014, urging the court to dismiss the action for Hoefer's delay in requesting that the case be reopened following the conditional dismissal set forth in the district court's April 23, 2013 order. Adopting the reasoning of Eastwood's letter, the district court, on May 29, 2014, entered its order dismissing the action with prejudice on the ground that Hoefer had "failed to request reinstatement of this action to the calendar within a reasonable time period after the entry of the order discontinuing the case on April 23, 2013." *Hoefer v. Bd. of Educ. of Enlarged City Sch. Dist. of Middletown*, No. 10 Civ. 3244 (ER), 2014 WL 2251312 at *2 (S.D.N.Y. May 29, 2014).

**DISCUSSION**

In this appeal, Hoefer urges that "the district court's Orders dismissing and closing the case and granting partial summary judgment to Eastwood on Hoefer's false arrest claim . . . be reversed and vacated" and that "the matter . . . be remanded for trial on Hoefer's remaining meritorious claims." Appellant's Br. 51.

**I.    The January 9, 2013 Decision Granting Defendants' Motion for Partial Summary Judgment**

Hoefer argues that the interlocutory decision granting the motion for partial summary judgment on the false arrest claim against Eastwood is merged into the final dismissal and therefore is separately appealable. For this argument, Hoefer relies on *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 781 (2d Cir. 1999), *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 178-79 (2d Cir. 1990), and *Allied Air Freight, Inc. v. Pan Am. World Airways, Inc.*, 393 F.2d 441, 444-45 (2d Cir. 1968). We are not persuaded by Hoefer's argument and conclude that we lack jurisdiction to hear an appeal of the district court's January 9, 2013 decision to grant the partial summary judgment motion.

The January 9, 2013 decision remained interlocutory at the time the district court dismissed the action by means of the May 29, 2014 final order. As the record reveals, the district court did not, in the words of Federal Rule of Civil Procedure 54(b), "direct entry of a final judgment" to effectuate its granting of the partial summary judgment

6

motion. According to Rule 54(b), the granting of the partial summary judgment motion "[d]id not end the action" as to Hoefer's false arrest claims and could be "revised at any time" prior to entry of a final judgment. Fed. R. Civ. P. 54(b). The district court's May 29, 2014 opinion and order dismissing the action (like the April 23, 2013 order on which it was based) drew no distinctions among Hoefer's claims and made no mention of the false arrest claims or the prior decision granting the motion for partial summary judgment. The only plausible construction of the May 29, 2014 final order is as a dismissal of all claims in the action. *See also* Fed. R. Civ. P. 58(a) (requiring, with certain exceptions inapplicable here, that a judgment "be set out in a separate document"). We conclude that the May 29, 2014 final order, rather than entering partial summary judgment on the merits to adjudicate the false arrest claim against Eastwood, dismissed that claim for failure to seek timely reinstatement. That was the only final decision the district court reached with respect to the false arrest (and other) claims and, therefore, the only decision over which we may exercise appellate jurisdiction according to 28 U.S.C. § 1291.

The holding in *West v. Goodyear Tire & Rubber Co.* does not require a different result and instead supports our conclusion. In *West*, the district court dismissed the action as a sanction for plaintiff West's allowing spoliation of the evidence, a dismissal this Court held to be an abuse of discretion. *West*, 167 F.3d at 781. The district court earlier had granted a partial summary judgment motion for defendants on plaintiff

7

West's claim for punitive damages. Although stating in *dicta* that the decision on partial summary judgment "merged into the subsequent judgment of dismissal," the *West* panel nevertheless held that the "decision to grant partial summary judgment . . . on West's claim for punitive damages was a non-appealable interlocutory order" and that this decision, upon this Court's vacating the final judgment of dismissal, "reverts to its original interlocutory status." *Id*.

The holding in *Gary Plastic Packaging* is not controlling on the issue before us. There, the interlocutory decision that was held to have merged into the judgment denied a motion for class certification in a class action suit. That decision affected, and led to, the outcome of the case, which was dismissal for failure to prosecute. *See Gary Plastic Packaging*, 903 F.2d at 179 ("Thus, we hold that for purposes of appellate review, an order denying a motion for class certification merges into a final judgment which results from the class representative's failure to prosecute its individual claim."). In *Allied Air Freight*, the outcome of the case also was dismissal from failure to prosecute. The interlocutory order for which appeal was sought had stayed the proceedings in district court so that the plaintiff could exhaust its administrative remedies before the Civilian Aeronautics Board, a step the district court held to be necessary before plaintiffs could proceed with their judicial antitrust action. Upon appellate review, this Court ruled the dismissal of the action to be mistaken because the district court erred in issuing the interlocutory stay order, which this Court viewed as an erroneous

8

application of the doctrine of primary jurisdiction. *Allied Air Freight*, 393 F.2d at 445-49. This Court considered the interlocutory order being challenged to have affected the outcome of the case. *See id*. at 445 ("If the order granting the stay was a proper order, it was equally proper to require appellant to satisfy the terms of the stay in order to proceed with the action or face dismissal for failure to prosecute, and to dismiss the action sua sponte when appellant failed to take any action."). The appeal before us is unlike those in *Gary Plastic Packaging* and *Allied Air Freight*. Here, the district court's decision to grant the partial summary judgment motion on the false arrest claim was unrelated to, and had no effect upon, the district court's ultimate dismissal of the action. Therefore, that interlocutory decision could not have been part of the final, appealable decision in this case for purposes of 28 U.S.C. § 1291 and is not properly before us on appeal.

The question of whether an interlocutory order from which an appeal is sought affects the outcome of a case has been recognized as important to the issue of merger. *See* Eric J. Magnuson & David F. Herr, *Federal Appeals Jurisdiction and Practice* § 2:3 (2015 ed.) ("While a final decision is a necessary precondition of appeal under [28 U.S.C.] § 1291, the appeal brings before the court of appeals all interlocutory orders in the lawsuit *that can be said to have affected the outcome*." (emphasis added)). In furtherance of the principle of finality expressed in 28 U.S.C. § 1291, interlocutory decisions that did not affect the outcome should be regarded as not having merged into

9

the final decision from which an appeal will lie. *See* 15A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3905.1 n.29 (2d ed.) ("'Orders that could not have affected the outcome, i.e., orders not material to the judgment, are not appealable'" and "[a] ruling that could not have affected the judgment may be denied review for reasons parallel to harmless error reasoning." (quoting *Nat'l Am. Ins. Co. v. Certain Underwriters at Lloyd's London*, 93 F.3d 529, 540 (9th Cir. 1996)).

In summary, because the district court's interlocutory decision granting the partial summary judgment motion never ripened into a judgment and had no effect on the outcome of the case, we conclude that this order did not merge into the final decision to dismiss the action and is not appealable. Accordingly, we lack jurisdiction to review the grant of the partial summary judgment motion on the merits. Because we are vacating the district court's final order dismissing all claims, the district court's decision to grant the partial summary judgment motion on the false arrest claim against Eastwood reverts to its previous interlocutory status. *See West*, 167 F.3d at 781. We reach no decision on whether that false arrest claim has merit, which on remand is an issue for final adjudication by the district court.

## II.   The May 29, 2014 Final Order of Dismissal

### A.  Jurisdiction

We exercise jurisdiction over Hoefer's appeal from the district court's May 29, 2014 opinion and order of dismissal according to 28 U.S.C. § 1291 (conferring

10

on the courts of appeals jurisdiction over "final decisions" of the district courts).  This order is a final, and therefore appealable, decision of the district court.

**B.  Standard of Review**

In dismissing Hoefer's action for failure to request timely reinstatement, the district court did not rule on jurisdictional grounds, and we have no basis upon which to conclude that the district court divested itself of jurisdiction at any time prior to entering its final order of dismissal on May 29, 2014.  The final dismissal, therefore, was an exercise of the district court's discretion.  We review discretionary dismissals for, *inter alia*, failure to request reinstatement within a reasonable time, under an abuse of discretion standard.  A district court abuses its discretion when it "bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions." *Kiobel v. Millson*, 592 F.3d 78, 81 (2d Cir. 2010) (citations and alterations omitted).

**C.  Analysis**

In *Muze, Inc. v. Digital on Demand, Inc.*, 356 F.3d 492, 495 (2d Cir. 2004), this Court vacated a district court's dismissal of an action following an earlier order (an "Order of Discontinuance") similar to the one at issue in this appeal.  In *Muze*, the Order of Discontinuance provided, in pertinent part, that the action "shall be and hereby is discontinued with prejudice" and that "[s]hould settlement not be finalized by May 4, 2001, this case will be reinstated by application of any party." *Muze*, 356 F.3d at 493.

The district court allowed seven extensions of the May 4, 2001 date, the last extension providing a date of January 31, 2002 for finalizing the settlement. *Id*. Six days after January 31, 2002, plaintiff Muze, Inc. requested reinstatement of the case because a settlement agreement reached by the parties had not yet been signed. *Id.* After more than a year transpired without the district court's acting on this request, Muze, Inc. repeated its request for reinstatement on March 27, 2003. *Id*. The district court denied the request on the ground of untimeliness and, after denying a motion for reconsideration, entered its final dismissal of the action. *Id*.

*Muze* held that the district court misconstrued its own order in denying the plaintiff's application for reinstatement and in dismissing the action. *Id.* at 494-95. The district court construed its initial Order of Discontinuance as having "'plainly stated' that the case would be reinstated if application was made 'by any date prior to' the deadline listed in the Order." *Id.* at 493 (quoting the district court's denial of the motion for reconsideration). The Order of Discontinuance, however, "did not specify a time within which reinstatement had to be sought." *Id*. Noting that the Order of Discontinuance omitted "the usual language specifying that the reinstatement request must be made *within* the time period for settlement," the opinion in *Muze* concluded that "[a] district court's discretion to interpret its own order does not extend to inserting a new provision." *Id.* at 494-95 (citation omitted).

12

In *Muze*, this Court expressly disfavored dismissals made pursuant to orders of discontinuance that do not specify the time period within which a party must request reinstatement. "Just as we have always emphasized that 'dismissals for . . . ambiguities in pleadings are not favored,' . . . we should similarly disfavor dismissals where the District Court's order does not include the language customarily used to specify the time for reinstatement." *Id.* at 495 (quoting *Arfons v. E.I. Du Pont De Nemours & Co.*, 261 F.2d 434, 435 (2d Cir. 1958)). In the instant appeal, the April 23, 2013 order conditionally discontinuing the case suffers from the same flaw as did the Order of Discontinuance in *Muze*. Orders such as these, when applied without prior warning to justify a dismissal over a party's objection, fail in a critical respect: they do not provide the parties with notice of when action must be taken to avoid involuntary dismissal, which is "a harsh remedy to be utilized only in extreme situations." *Jackson v. City of New York*, 22 F.3d 71, 75 (2d Cir. 1994) (quoting *Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)). In this case, Hoefer was not put on notice of how long he had to request reinstatement and received no advance notice or warning that his opportunity to request reinstatement was about to expire absent immediate action to request reinstatement of the case to the active docket.

The opinion in *Muze* cautioned that its holding vacating the dismissal was not to be interpreted to mean that a party could delay indefinitely in seeking reinstatement: "The omission of a time limit for a permitted or required task normally means that the

13

task is to be performed within a reasonable time," a requirement the plaintiff in *Muze* unquestionably satisfied by requesting reinstatement a mere six days following the close of the period allowed for completion of the settlement. *Muze*, 356 F.3d at 495. Defendants-appellees rely in part on this statement in *Muze* in arguing that the district court acted within its discretion in dismissing Hoefer's action.

Hoefer's first submission to the district court following the April 23, 2013 order is dated August 30, 2013, which was 69 days after the close of the 60-day period for settlement. In that letter, Hoefer informed the district court that the settlement had not been approved and requested that the district court set a date "by which the settlement will be approved and the proceeds paid or return this matter to the trial calendar." *Muze* does not hold that a plaintiff who waits 69 days before requesting reinstatement has not acted within a reasonable time. Although it may well have been prudent for Hoefer to have acted sooner, we conclude that the passage of 69 days, standing alone, does not justify the extreme sanction of involuntary dismissal.

Moreover, we see no prejudice to defendants that resulted from Hoefer's delay. To the contrary, defendants posed no objection based on this delay when, after Hoefer sent a second letter concerning reinstatement dated September 18, 2013, the district court acted on September 20, 2013 to schedule and hold a conference on October 24, 2013, resuming the litigation. Rather than object to the continuation of the litigation, Eastwood sought leave to file a second summary judgment motion. Eastwood did not

raise the question of dismissal for Hoefer's failure to request timely reinstatement until his letter of May 5, 2014, and even that submission did not allege that the time Hoefer took to request reinstatement caused him any prejudice.

In addition to their reliance on *Muze*, defendants-appellees raise several other arguments in support of their view that the district court acted within its discretion in dismissing Hoefer's action, none of which we find persuasive. They argue, first, that the facts of this case are analogous to those of *Niederland v. Chase*, 425 F. App'x 10 (2d Cir. 2011), a case upon which the district court relied in part in support of its dismissal. *Niederland*, an unpublished summary order, is not precedential. Moreover, the holding of *Niederland* is not on point. In *Niederland*, the district court had issued an October 26, 2009 order closing the case after the parties had notified the court the previous June that the case "had been settled." *Id.* at 13-14. Sometime thereafter, plaintiff Margot Niederland made an informal letter request to reopen the action, which the district court denied in a February 2, 2010 order. *Id.* at 10-11. On March 5, 2010, Niederland filed a motion for reconsideration of that order under Rule 60(b)(1). *Id.* at 12. The district court denied this motion as untimely, considering it, in effect, a motion for reconsideration of the October 26, 2009 closure order, and Niederland appealed the denial to this Court. *Id.* This Court found no abuse of discretion in the district court's denial of the Rule 60(b)(1) motion, agreeing with the district court that the motion was

an attempt to assert an otherwise time-barred appeal of the October 26, 2009 closure order. *Id.* at 12-13.

In *dicta*, the *Niederland* summary order cites *Muze*, 356 F.3d at 495, for the principle that a dismissal order that does not set "a time-frame for dismissal" does not give parties unlimited time for submitting final settlement documentation or requesting further action on the part of the district court. *Niederland*, 425 F. App'x at 13. But this discussion is in the larger context of rejecting Niederland's argument that the October 26, 2009 closure order was not a final order of dismissal and therefore not appealable. Referring to the time period between the communication of a settlement and the October 26, 2009 entry of the final order closing the case, the summary order concludes that "when after five months no party had communicated to the district court any need to reactivate the case, the court reasonably entered a final order of closure." *Id.* Citing *Muze*, the *Niederland* panel opined in *dicta* that the period of nearly five months during which no party contacted the court caused it to doubt whether Niederland could have succeeded had she appealed the October 26, 2009 closure, but it then stated, "that is not the issue before us." *Id.* at 14.

Defendants-appellees also argue that reinstatement would be largely futile as a state court judgment already has been entered finding that the allegedly protected speech, at least in part, was defamatory. Similarly, they maintain that Hoefer is unable to demonstrate prejudice in the absence of reinstatement because any alleged violation

16

of his constitutional rights has been remedied by his receipt of proceeds of the initially proposed global settlement. Because these arguments pertain to the merits of one or more of Hoefer's claims or to details of the incomplete settlement negotiations, they address issues not before us in this appeal.

Defendants-appellees suggest, finally, that dismissals such as the one ordered in this case are "jurisdictional." This argument is meritless because, as we discussed previously and as defendants-appellees acknowledge, the district court dismissed Hoefer's action as an exercise of discretion.

**CONCLUSION**

The district court abused its discretion in entering its May 29, 2014 final order dismissing Hoefer's action, and the dismissal is hereby VACATED. The case is REMANDED for further proceedings. The motion of defendants-appellees to strike portions of plaintiff-appellant's brief and appendices is denied as moot, and their motion for damages under Federal Rule of Appellate Procedure 38 is denied. No costs.

DRONEY, *Circuit Judge*, dissenting:

I respectfully dissent from that portion of the majority's opinion which vacates the district court's dismissal of Hoefer's action with prejudice. It was not an abuse of discretion for the district court to refuse to reopen the case over four months after it was reported settled and 69 days after the settlement deadline had passed.

This case is readily distinguishable from *Muze, Inc. v. Digital on Demand, Inc.*, 356 F.3d 492 (2d Cir. 2004). In *Muze*, like here, the district court set a time period (in *Muze*, thirty days, while here sixty days) for a case that had been reported settled to finalize the settlement. Also, like in *Muze*, the district court did not specify in its order that any reinstatement must be sought within the same period. In *Muze*, we held, "Of course, the lack of a deadline for a reinstatement request does not mean that either party had an unlimited time for seeking reinstatement. The omission of a time

limit . . . means that [the reinstatement request must be made] within a reasonable time." *Id.* at 495. In *Muze*, the plaintiff sought reinstatement only six days after the expiration of the last period allowed by the district court for finalizing the settlement but the district court refused to reopen the case. *Muze* does not hold that a plaintiff who waits over two months to seek to reinstate an action from the last period allowed for finalizing the settlement has acted within a reasonable time.

*Muze* does not indicate how much more than six days would constitute a reasonable period for seeking reinstatement. But we must allow the district courts some discretion in evaluating the timeliness of such requests, particularly given that the circumstances of each request and each case will vary. It can hardly be an abuse of discretion by the district court to not reopen a case where the court gives a considerable period of time to complete settlement—here, sixty days—and the first indication that settlement has not occurred

and that reinstatement is sought comes more than four months after the initial order of the court and two months after the expiration of that order.

The majority points to the lack of prejudice to defendants as a result of Hoefer's delay. But even if prejudice were an appropriate consideration—one not identified as such in *Muze*—it must be balanced against Hoefer's failure, at any point prior to the August 30 letter, to notify the court that settlement had not been finalized. In his August 30 letter to the district court, Hoefer stated that "several weeks after we reached a global settlement, . . . one of the defendants . . . was refusing to go along with the settlement." J.A. 507. Hoefer was thus well aware that the settlement was, at best, unlikely with respect to certain defendants, yet failed to timely notify the court.

Because *Muze* mandates that a party must act "within a reasonable time" when the district court has not set a deadline for

3

seeking reinstatement and Hoefer has introduced no real justifications to support his delay, I cannot find that the district court abused its discretion in finding that delay unreasonable. To be sure, it would be better practice for the district courts to specify a time period within which to move for reinstatement of the action. *See, e.g., Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 375 (2d Cir. 2003) (30-day order of dismissal included language that if settlement was not consummated within thirty days of the order "either party may apply by letter within the 30-day period for restoration of the action to the calendar"). But without such a specific deadline, this Court's decision is guided by *Muze*, which holds only that the delay in seeking reinstatement must be reasonable. Hoefer's delay here, particularly given his early knowledge of the breakdown in settlement negotiations, was not reasonable.

I would affirm the decision of the district court.