# United States Court of Appeals
## For the First Circuit

No. 19-1406

CRAIG LAMBERT,

Plaintiff, Appellant,

v.

JAMES J. FIORENTINI, Mayor of Haverhill;
ALAN R. DENARO, Chief of the Haverhill Police Department,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Howard, Chief Judge,
Lynch and Barron, Circuit Judges.

David G. Gabor, with whom Katherine A. Brustowicz and
The Wagner Law Group were on brief, for appellant.
Janelle M. Austin, with whom KP Law, P.C. was on brief,
for appellees.

January 24, 2020

**LYNCH**, <u>Circuit Judge</u>.　　After retiring as a City of Haverhill police officer in 2014, Craig Lambert in 2017 sought an identification card from Chief of Police Alan DeNaro that would allow Lambert to carry a concealed firearm across state lines under the Law Enforcement Officers Safety Act ("LEOSA"), 18 U.S.C. § 926C.　　Massachusetts has chosen to require the state's law enforcement agencies to provide identification cards to certain officers who retire in good standing, 501 Mass. Code Regs. 13.03, and each agency's policies define the criteria for the "in good standing" requirement in LEOSA.

Chief DeNaro denied the request on the grounds that Lambert was not in good standing at the time of his 2014 retirement.　　Lambert then brought this action against DeNaro and Haverhill Mayor James Fiorentini in state court, advancing four causes of action.　　DeNaro and Fiorentini removed the case to federal district court and moved for judgment on the pleadings, which the district court entered for defendants on all four claims.

We hold, as a matter of first impression, that Massachusetts has, in its state certiorari procedure, Mass. Gen. Laws ch. 249, § 4, provided a constitutionally adequate remedy which precludes assertion of a federal procedural due process claim here.　　These LEOSA identification card denial cases in Massachusetts are fully redressable in state court.　　We also hold that Lambert has failed to plead facts sufficient to support his

- 2 -

federal substantive due process claim, as he has not demonstrated that the denial of a LEOSA identification card shocked the conscience.

We affirm the dismissal of the § 1983 due process claim, the only federal claim set forth in Lambert's complaint and the only basis asserted for federal jurisdiction. We also affirm dismissal of the negligence claim and the purported equity claim as they plainly fail to assert a claim under state law. We vacate the judgment on the merits as to the state certiorari claim and direct its dismissal without prejudice.

I.

"Because this appeal follows the granting of a motion for judgment on the pleadings, we glean the facts from the operative pleading," accepting those facts as true. Grajales v. P.R. Ports Auth., 682 F.3d 40, 43 (1st Cir. 2012). We also "consider 'documents the authenticity of which are not disputed by the parties; . . . documents central to plaintiffs' claim; [and] documents sufficiently referred to in the complaint' . . . even when the documents are incorporated into the movant's pleadings." Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (alterations in original) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). We describe the substantive legal standards for issuance of such identification cards before setting forth the facts.

A.    Legal Standards

LEOSA provides that a "qualified retired law enforcement officer" carrying certain identification issued by the officer's former law enforcement agency "may carry a concealed firearm that has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 926C(a).  The statute defines "qualified retired law enforcement officer" as, inter alia, a person that "separated from service in good standing from service with a public agency as a law enforcement officer," but it does not further define "in good standing." Id. § 926C(c)(1).  The identification Lambert requested is "a photographic identification issued by the agency from which the individual separated from service as a law enforcement officer that identifies the person as having been employed as a police officer or law enforcement officer" and either includes or is accompanied by a certification of the retired officer's firearms qualification.  Id. § 926C(d).  LEOSA leaves to state and local agencies the issuance of identification cards to their retired officers.  Burban v. City of Neptune Beach, 920 F.3d 1274, 1280 (11th Cir. 2019).

The Massachusetts regulations require that "[t]he chief law enforcement officer for a law enforcement agency shall issue an identification card to a qualified retired law enforcement officer who retired from that law enforcement agency."  501 Mass.

- 4 -

Code Regs. 13.03.[1]  The regulations define "qualified retired law enforcement officer" as, inter alia, a person who "separated from service in good standing with a law enforcement agency as a law enforcement officer."  Id. 13.02.

The state regulations leave the definition of good standing to local law enforcement agencies.  See Frawley v. Police Comm'r of Cambridge, 46 N.E.3d 504, 507-08 (Mass. 2016) (observing that neither the federal statute nor state regulations establish good standing criteria).  The Haverhill Police Department's relevant policy defines "[s]eparated in good standing" to mean "that such officer was not charged with or suspected of criminal activity at the time of retirement, nor was he or she under investigation or facing disciplinary action for an ethical violation of departmental rules, or for any act of dishonesty."

B.  Facts

Lambert began work as a police officer for the City of Haverhill in April 1994.  Effective August 21, 2012, Lambert was placed on injured leave.

After Lambert went on leave, Chief DeNaro sent Lambert a letter dated August 22, 2012.  The letter stated that DeNaro had concluded that Lambert had violated orders from a deputy chief and

---

[1]  The Massachusetts Executive Office of Public Safety adopted these regulations in 2008 and amended them in 2013 in response to an amendment to the federal statute.  1095 Mass. Reg. 85 (Jan. 11, 2008); 1241 Mass. Reg. 49 (Aug. 16, 2013).

a captain in June and July 2012.  The letter informed Lambert that, because of that violation, he was suspended for five working days, from August 22, 2012, to August 28, 2012, and that DeNaro would recommend to Mayor Fiorentini that Lambert also receive an additional 55-day suspension.[2]

Lambert successfully challenged the loss of five days' injury pay in state Superior Court.  The court held that the disciplinary matter could not be used as the basis for withholding Lambert's injury pay because the City imposed the suspension after Lambert went on leave.[3]  Lambert remained on leave until he retired on March 22, 2014, more than a year and a half after he went out on leave.  In January 2017, Lambert requested a LEOSA identification card by telephone to a Haverhill police captain, who told him at some point that Chief DeNaro had decided Lambert did not qualify for the card.  On July 28, 2017, Lambert sent a

[2]     Under Massachusetts law, only Mayor Fiorentini, as the "appointing authority," could issue a suspension of longer than five days, and only after providing written notice and a hearing. See Mass. Gen. Laws ch. 31, § 41.

[3]     We take notice of the contents of the state court judgment to which Lambert's complaint refers and which defendants filed in the district court as an exhibit to their motion for judgment on the pleadings.  See Lambert v. DeNaro, No. 1377-CV-00351 (Mass. Super. Ct. Nov. 26, 2013); Boateng v. InterAmerican Univ., Inc., 210 F.3d 56, 60 (1st Cir. 2000) ("[A] court may look to matters of public record in deciding a Rule 12[] motion without converting the motion into one for summary judgment. . . . And a court ordinarily may treat documents from prior state court adjudications as public records.").

letter to Mayor Fiorentini asking why his request had been denied. On October 2, 2017, Haverhill Police Department Chief Alan DeNaro formally denied Lambert's request, stating in a letter that Lambert did "not qualify, as he left employment under a disability prior to the completion of an Internal Affairs Investigation, which could have potentially resulted in discipline up to and including termination."

Lambert then filed a four-count complaint in Essex Superior Court against DeNaro and Haverhill Mayor James Fiorentini. Count I is a complaint in the nature of certiorari pursuant to Massachusetts General Laws chapter 249, section 4. See Frawley, 46 N.E.3d at 513 ("[T]he appropriate avenue of relief" for a LEOSA identification card denial is "a civil action in the nature of certiorari pursuant to G.L. c. 249, § 4."). Count II is an action under 42 U.S.C. § 1983 alleging civil rights violations and invoking the Massachusetts Constitution. Count III asserts that defendants acted negligently in "discharg[ing] the legal duties" owed to Lambert as a retired police officer. Count IV, titled "Equity," alleges that DeNaro's October 2, 2017, letter contained inaccurate and unsupported factual assertions. Lambert alleged that no investigation was open when he retired and that DeNaro was acting "for personal reasons related to malice or spite."

C.  Procedural History

On November 22, 2017, the defendants removed the case to the U.S. District Court for the District of Massachusetts based on federal question jurisdiction over the § 1983 due process claim. See 28 U.S.C. §§ 1331, 1441.  Defendants moved for judgment on the pleadings, Lambert opposed, and the district court allowed the motion as to all counts.  Lambert timely appealed.

II.

We review de novo the grant of a motion for judgment on the pleadings.  Villeneuve v. Avon Prods., Inc., 919 F.3d 40, 49 (1st Cir. 2019).  "Dismissal is proper if -- after accepting all well-pleaded facts as true and viewing them in the light most favorable to [Lambert] -- the complaint fails to allege a plausible right to relief."  Id.  "In conducting this appraisal, we are not bound by the district court's reasoning but, rather, may affirm the entry of judgment on any ground made manifest by the record." Kando v. R.I. State Bd. of Elections, 880 F.3d 53, 58 (1st Cir. 2018).

We begin with the sole federal claim set forth in the complaint, Lambert's § 1983 due process claim.[4]  Count II is

---

[4]     Lambert's complaint clearly frames only the § 1983 due process claim as a federal cause of action.  He does not argue that he has a LEOSA § 1983 cause of action.  We note that the Eleventh Circuit has held that there is no such cause of action. Burban, 920 F.3d at 1280.

- 8 -

labelled as a § 1983 claim, and Lambert argued to the district court that this claim alleged violations of his procedural and substantive due process rights.[5]  "Procedural due process guarantees that a state proceeding which results in a deprivation of property is fair, while substantive due process ensures that such state action is not arbitrary and capricious."  Licari v. Ferruzzi, 22 F.3d 344, 347 (1st Cir. 1994).  We consider each separately.

"A sufficient procedural due process claim must allege 'that [the plaintiff] was deprived of constitutionally protected property because of defendants' actions, and that the deprivation occurred without due process of law.'"  Rumford Pharmacy, Inc. v. City of E. Providence, 970 F.2d 996, 999 (1st Cir. 1992) (alteration in original) (quoting Roy v. City of Augusta, 712 F.2d 1517, 1522 (1st Cir. 1983)).  A procedural due process claim that does not "allege the unavailability of constitutionally-adequate remedies under state law" fails.  Id.

_____

[5]    On appeal, Lambert further argues that he has a "stigma-plus" claim.  See Pendleton v. City of Haverhill, 156 F.3d 57, 63 (1st Cir. 1998) ("[A] deprivation of a constitutionally protected liberty interest [occurs] when, in addition to mere reputational injury, words spoken by a government actor adversely impact a right or status previously enjoyed under state law." (citing Paul v. Davis, 424 U.S. 693, 708–09 (1976))).  But "this argument was never raised to the district court and 'arguments not made initially to the district court cannot be raised on appeal.'"  River Farm Realty Tr. v. Farm Family Cas. Ins. Co., 943 F.3d 27, 41 n.21 (1st Cir. 2019) (quoting DiMarco-Zappa v. Cabanillas, 238 F.3d 25, 34 (1st Cir. 2001)).

- 9 -

Even assuming LEOSA could give rise to a property right, Lambert's complaint makes no allegation that the state remedies available to him are constitutionally inadequate. To the contrary, Count I of the complaint invoked the state certiorari remedy for judicial review of DeNaro's denial of his LEOSA identification card. The procedural due process inquiry "examine[s] the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law." Zinermon v. Burch, 494 U.S. 113, 126 (1990). The Massachusetts Supreme Judicial Court has specifically held that judicial review of a denial of a LEOSA identification card is available through a civil action in the nature of certiorari pursuant to Massachusetts General Laws chapter 249, section 4. Frawley, 46 N.E.3d at 510-11. "The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." Zinermon, 494 U.S. at 126. We hold that his procedural due process claim fails.[6]

Lambert's substantive due process claim fails on the pleadings for a different reason. "In order to assert a viable substantive due process claim, a plaintiff has 'to prove that [he]

---

[6]    Indeed, Lambert acknowledged at oral argument that the certiorari claim provides an adequate state remedy. He does not assert a pre-deprivation due process claim.

suffered the deprivation of an established life, liberty, or property interest, and that such deprivation occurred through governmental action that shocks the conscience.'" Najas Realty, LLC v. Seekonk Water Dist., 821 F.3d 134, 145 (1st Cir. 2016) (quoting Clark v. Boscher, 514 F.3d 107, 112 (1st Cir. 2008)).

On these pleadings, as to substantive due process, the denial of Lambert's LEOSA identification is not "egregiously unacceptable, outrageous, or conscience-shocking." Licari, 22 F.3d at 347 (quoting Amsden v. Moran, 904 F.2d 748, 754 (1st Cir. 1990)).[7] Lambert's § 1983 claim fails to state a claim and was properly dismissed.[8]

III.

The § 1983 due process claim provided the sole basis for federal jurisdiction, so we consider whether the district court appropriately exercised its supplemental jurisdiction under 28 U.S.C. § 1367 over the state claim at the motion for judgment on

---

[7] Because Lambert's substantive due process claim fails for this reason, we need not address whether LEOSA in fact creates a property interest in the LEOSA identification card that is cognizable for due process purposes. Compare Henrichs v. Ill. Law Enf't Training & Standards Bd., 306 F. Supp. 3d 1049, 1058 (N.D. Ill. 2018) (LEOSA does not create a property interest cognizable under § 1983), with DuBerry v. District of Columbia, 824 F.3d 1046, 1053-54 (D.C. Cir. 2016) (LEOSA does create a cognizable property interest).

[8] Lambert presents no argument that his reference to the Massachusetts Constitution in Count II would survive dismissal of his federal constitutional claim.

- 11 -

the pleadings stage. "As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit . . . will trigger the dismissal without prejudice of any supplemental state-law claims." Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995). Federal courts may retain jurisdiction in appropriate cases but, before doing so, must consider "the interests of fairness, judicial economy, convenience, and comity," the last of which is "a particularly important concern in these cases." Camelio v. Am. Fed'n, 137 F.3d 666, 672 (1st Cir. 1998). Courts may also consider whether the state law issues are "novel or sensitive." Sexual Minorities Uganda v. Lively, 899 F.3d 24, 35 (1st Cir. 2018); see also 28 U.S.C. § 1367(c)(1) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the claim raises a novel or complex issue of State law."). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). "[U]nder this standard, it can be an abuse of discretion -- if no federal claim remains -- for a district court to retain jurisdiction over a pendent state law claim when that state law claim presents a substantial question of state law that is better addressed by the state courts." Wilber v. Curtis, 872 F.3d 15, 23 (1st Cir. 2017).

- 12 -

Lambert makes no argument to us that the district court's conclusion as to his last two state law claims was error, and vacating that ruling would promote neither comity nor justice as both plainly fail to state a claim. Count III, which alleges that DeNaro and Fiorentini acted negligently in performing their duties, is barred by the Massachusetts Tort Claims Act. See Mass. Gen. Laws ch. 258, § 2 ("[N]o . . . public employee . . . shall be liable for any injury or loss of property . . . caused by his negligent or wrongful act or omission while acting within the scope of his office or employment."). The "Equity" cause of action advanced in Count IV simply does not exist as a matter of law.

The state certiorari claim stands on different footing, as we cannot say on the face of the pleadings that it failed to state a claim. Lambert has argued that his five-day suspension is no longer outstanding and was not outstanding at the time of the denial, which the defendants dispute. That dispute appears to raise questions of state law, which would be "best resolved in state court." Camelio, 137 F.3d at 672. There also appear to be disputed issues of material fact, such as the date, if any, on which the suspension became effective, which are inappropriate for resolution on the pleadings. Finally, the certiorari claim is not so "inextricably intertwined" with the procedural due process claim under § 1983 that exercising supplemental jurisdiction would be appropriate. See Lopez v. Massachusetts, 588 F.3d 69, 81-82

- 13 -

(1st Cir. 2009) (quoting <u>Swint</u> v. <u>Chambers Cty. Comm'n</u>, 514 U.S. 35, 51 (1995)); <u>Penate</u> v. <u>Hanchett</u>, 944 F.3d 358, 370 (1st Cir. 2019) ("[T]he state courts . . . are often better suited than are federal courts to resolve questions of state law.").

## IV.

We affirm dismissal of the § 1983, negligence, and "equity" claims with prejudice. We vacate the dismissal of the state certiorari claim on the merits and direct its dismissal without prejudice for lack of jurisdiction. No costs are awarded.