# United States Court of Appeals
## For the First Circuit

No. 20-1329

RICHARD HISERT, Manager, on Behalf of H2H Associates, LLC,

Plaintiff, Appellee,

v.

HERBERT HASCHEN,

Defendant, Appellant,

and

BLUE WATERS DREDGING LLC; DAVID URBANI; DOROTHY B. WILLIAMS;
JOSEPH EDGAR,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. F. Dennis Saylor, IV, Chief U.S. District Judge]

Before

Lynch, Thompson, and Kayatta,
Circuit Judges.

Thomas T. Merrigan, with whom Sweeney Merrigan Law, LLP was
on brief, for appellant.
James F. Grosso, with whom O'Reilly, Grosso, Gross & Jones,
P.C. was on brief, for appellee.

November 17, 2020

**LYNCH**, **Circuit Judge**.    Richard Hisert, the managing member of H2H Associates, LLC ("H2H"), successfully brought suit against Herbert Haschen for fraud.   A jury found Haschen had committed fraud in connection with a contract for dredging work to be performed in Cohasset, Massachusetts.   The jury awarded Hisert $148,626 in damages.[1]    The finding of fraud was based on Massachusetts law.   This appeal for Haschen followed.

The Army Corps of Engineers had awarded H2H, a limited liability company ("LLC") organized under New York law, a contract in 2015 to dredge the Cohasset Harbor.   H2H subcontracted with Blue Waters Dredging LLC ("BWD"), an LLC organized under Maryland law of which Haschen was a member, to perform the dredging work. The alleged fraud occurred in December 2015 when Haschen signed a partial lien waiver on behalf of BWD stating that all of BWD's obligations with respect to the dredging project had been paid in full.   Haschen later acknowledged during discovery that he was aware of open vendor accounts and suppliers and vendors demanding payment owed to them at the time he signed the partial lien waiver. H2H subsequently relied on the statement in that document to continue making payments to BWD.

---

[1]    A default judgment was also entered against defendant Dorothy Williams in the amount of $342,309.38 and applicable costs and attorneys' fees were awarded against both Haschen and Williams.

The district court instructed the jury as to the elements of Massachusetts law with respect to fraud. Those instructions were consistent with the district court's ruling in denying the parties' cross-motions for summary judgment.[2] Hisert v. Blue Waters Dredging LLC, Civil Action No. 16-11960-FDS, 2018 WL 6025653, at *6-9 (D. Mass. Nov. 16, 2018). Haschen wanted Maryland law to apply, while Hisert asserted that he could prevail under either Massachusetts or Maryland law. Neither party advocated for New York law to apply. Id. at *8.

The district court determined that there are two relevant differences between Massachusetts and Maryland law with respect to fraud. Id. at *6. The first difference is that Maryland law requires proof of deliberate intent to deceive, id. (citing case law from Maryland), while Massachusetts law does not, id. (citing case law from this Circuit). The second difference is that Maryland law requires proof of fraud by clear and convincing evidence, id. at *7 (citing case law from Maryland), while Massachusetts law requires proof only by a preponderance of the evidence, id. (citing case law from this Circuit).

Finding that Massachusetts follows the functional approach to choice-of-law analysis, the district court held that

---

[2]     The district court allowed defendant David Urbani's motion for summary judgment as to all counts. Hisert v. Blue Waters Dredging LLC, Civil Action No. 16-11960-FDS, 2018 WL 6025653, at *10 (D. Mass. Nov. 16, 2018).

Massachusetts law applied since Massachusetts had the most significant relationship to the occurrence and parties. Id. at *7-8 (explaining that "[t]he functional approach is 'explicitly guided by the Restatement (Second) of Conflict of Laws (1971)'" (quoting Levin v. Dalva Brothers, Inc., 459 F.3d 68, 74 (1st Cir. 2006))). In particular, the district court determined that "the location of the intended harm" and that "Massachusetts was the focus of the overall transaction" weighed heavily in favor of applying Massachusetts law over Maryland law. Id. at *8.

Haschen's brief on appeal purports to raise several issues: (1) whether the district court erred in denying his motion to dismiss the amended complaint for failure to state a claim for fraud; (2) whether it erred in determining at summary judgment that Massachusetts law applied to the fraud claim; (3) whether it erred in denying his motion for summary judgment on the fraud claim; and (4) whether it erred in rejecting his argument at summary judgment that the fraud claim against him was barred by the arbitration clause in the agreement between H2H and BWD. Denials of motions to dismiss under Rule 12(b)(6) or motions for summary judgment under Rule 56 are generally not appealable when issued, see Ortiz v. Jordan, 562 U.S. 180, 188 (2011); In re Empresas Noroeste, Inc., 806 F.2d 315, 317 (1st Cir. 1986), and when an appeal of a subsequent judgment does go forward, we generally pay no heed to whether the earlier denials were proper,

see Ortiz, 562 U.S. at 183-84 (holding that a party may not "appeal an order denying summary judgment after a full trial on the merits" because "[o]nce the case proceeds to trial, the full record developed in court supersedes the record existing at the time of the summary-judgment motion"); Sexual Minorities Uganda v. Lively, 899 F.3d 24, 35-36 (1st Cir. 2018) (holding that "[w]hen an order denying a Rule 12(b)(6) motion has no effect on the ultimate disposition of the case, that order is unreviewable").[3]

When this Court at oral argument pointed out these issues to counsel for the appellant, he pointed to a footnote in his opening brief and argued that footnote somehow preserved his challenge to the jury instruction given regarding Massachusetts law as to fraud.[4] While these arguments were not properly presented

---

[3] Although Haschen appears to have made an oral Rule 50(a) motion for judgment as a matter of law at the close of trial, he did not file a Rule 50(b) renewed motion for judgment as a matter of law following the jury's verdict. See Fed. R. Civ. P. 50(a)-(b). He therefore did not preserve these legal issues for appellate review. See Ortiz, 562 U.S. at 183-85; Ji v. Bose Corp., 626 F.3d 116, 127 (1st Cir. 2010) (holding that moving unsuccessfully for summary judgment does not obviate the need to move under Rule 50 in order to preserve an argument that a party is entitled to judgment as a matter of law); Udemba v. Nicoli, 237 F.3d 8, 13 (1st Cir. 2001) (holding that "to preserve for appeal the district court's rejection of a motion for judgment as a matter of law made at the close of the evidence, the movant must seasonably renew that motion post-verdict").

[4] The footnote referred to by appellant's counsel states: "Haschen raised the choice of law issue in his summary judgment motion . . . ; by Motion in Limine . . . ; and by objection at sidebar following the Court's instructions to the jury." All that appellant's counsel said at sidebar on the choice-of-law issue

- 6 -

on appeal, see Ortiz, 562 U.S. at 183-85; Ji v. Bose Corp., 626 F.3d 116, 127 (1st Cir. 2010), they lack merit in any event.

The district court was plainly correct that Massachusetts law applied. Massachusetts generally follows the functional approach to choice-of-law analysis. Levin, 459 F.3d at 74; UBS Fin. Servs., Inc. v. Aliberti, 133 N.E.3d 277, 288 n.12 (Mass. 2019); Cosme v. Whitin Mach. Works, Inc., 632 N.E.2d 832, 834 (Mass. 1994); Bushkin Assocs., Inc. v. Raytheon Co., 473 N.E.2d 662, 668-70 (Mass. 1985) (assessing, among other factors, the comparative interests of the states involved and which has the most significant relationship to the occurrence and parties). While Haschen now argues on appeal that Massachusetts courts would not necessarily apply such an approach in a tort case, he did not preserve that argument by making it below. See In re Rauh, 119 F.3d 46, 51 (1st Cir. 1997) ("A party may not raise new arguments for the first time on appeal."). The district court did not err in finding that under the functional approach, Massachusetts had a more significant relationship to the occurrence and parties than Maryland. Although Haschen was in Maryland when he made the fraudulent statement, the subject of the transaction was in

_____

following the jury instructions was that "I want to once again note my objections to the Court's ruling on Massachusetts vs. Maryland law." He did not propose any further instructions on the applicable law with respect to fraud. However, Hisert has not raised in his opposition brief these impediments to Haschen's claims on appeal.

Massachusetts and at least some of the injury took place there. Hisert, 2018 WL 6025653, at *8. The dredging project was being performed in Massachusetts, H2H continued to make payments for that project in reliance on Haschen's false statement, and at least some of the unpaid vendors and suppliers were located in Massachusetts. Id. Massachusetts also has strong interests in not having businesses operating within the Commonwealth defrauded and in ensuring that public projects being performed within the Commonwealth are completed in an appropriate and timely manner. Those interests further support application of Massachusetts law.

And although Haschen does not appear to challenge the sufficiency of the evidence, there was clearly enough for a reasonable jury to determine that Haschen was liable for defrauding Hisert and H2H, particularly given the lower burden for proving fraud under Massachusetts law.

Finally, it is also clear that the arbitration clause in the contract between H2H and BWD does not bar this lawsuit against Haschen. Assuming arguendo that the arbitration clause in the contract does apply to Haschen, he never moved to compel arbitration or to stay this case in favor of arbitration. Even on appeal, he does not argue for any of the forms of relief allowed for under the Federal Arbitration Act. See 9 U.S.C. §§ 3-4. He thus waived any right to arbitrate this fraud claim. See In re

- 8 -

<u>Citigroup, Inc.</u>, 376 F.3d 23, 26 (1st Cir. 2004) ("A party may waive arbitration expressly or implicitly.").

  <u>Affirmed</u>. Costs are awarded to Hisert.